Sucesores de José González & Co., S. en C., demandante y apelante, *v.* Rafael A. Buscaglia, Tesorero de Puerto Rico, demandado y apelado.

Núm. 8779.—*Sometido:* Diciembre 7, 1943. *Resuelto:* Marzo 13, 1944.

*D. Guerrero Noble,* abogado de la apelante; *Hon. Procurador General Interino M. Rodríguez Ramos* y *G. Benítez Gautier, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Las dos únicas cuestiones de derecho a que se limita este recurso no requieren una detallada exposición de los hechos. Bastará decir que la primera causa de acción alegada en la demanda está fundada en que la apelante radicó oportunamente sus declaraciones de ingresos correspondientes a los años 1925–1928 inclusive; que investigadas dichas declaraciones de ingresos, el Departamento de Hacienda impuso deficiencias por cada uno de los años mencionados, y no estando conforme la contribuyente recurrió para ante la Junta de Revisión e Igualamiento, la que nuevamente determinó y fijó la contribución correspondiente a cada uno de dichos años contributivos. Mediante prórrogas que la contribuyente solicitó del Tesorero y ofertas de pago que luego fueron incumplidas, transcurrieron justamente seis años desde que la Junta de Revisión e Igualamiento fijó la contribución del último de los años contributivos, sin haber sido pagadas dichas contribuciones. Al cabo de los referidos seis años la apelante solicitó y obtuvo que la Junta se dispusiese a reconsiderar las contribuciones ya determinadas y fijadas por ella. A ese fin la Junta solicitó del Tesorero la devolución del expediente, y dicho funcionario, al devolverlo advirtió por escrito a la Junta su falta de jurisdicción para reconsiderar su resolución dictada unos seis años antes. Empero, la Junta reconsideró el caso, eliminó por completo la contribución correspondiente al año 1928 sosteniendo que aquélla había prescrito, y redujo la correspondiente a los demás años contributivos en controversia. Ello no obstante, el Tesorero, alegando que la actuación de la Junta a que acabamos de referirnos era

nula por falta de jurisdicción, insistió en el cobro de la contribución originalmente fijada por dicho organismo y, mediante amenazas de procedimientos de apremio, logró que la contribuyente la pagase bajo protesta.

La segunda causa de acción se contrae a contribuciones por deficiencias impuestas para los años contributivos en cuestión. Admite la apelante que el Tesorero hizo gestiones para el cobro de estas deficiencias mediante anotaciones de embargos practicadas a partir del año 1935, y que llegó a publicar avisos para la venta de los bienes embargados a la contribuyente, pero que en ningún momento llegó a verificar la venta y el cobro de las contribuciones. Sin embargo, de la prueba resulta que al igual de lo sucedido con respecto a la contribución a que se refiere la primera causa de acción, la dilación en el cobro de la contribución a que se contrae la segunda se debió a las referidas gestiones de aplazamiento y promesas de pago incumplidas hechas por la apelante. No fué hasta el 6 de junio de 1941 que la contribuyente pagó bajo protesta las contribuciones a que se refieren ambas causas de acción.

■■ En lo que respecta a la primera causa de acción, sostiene el Tesorero que no puede la demandante recobrar las contribuciones a que la misma se refiere porque la Junta carecía de facultades para reconsiderar su propia resolución después de haber expirado con exceso el plazo de treinta días fijado por el artículo 310 del Código Político, según fué enmendado por la Ley núm. 75 de 1923. Leyes de ese año, pág. 605.

A los efectos de resolver esta primera cuestión, nos bastará lo prescrito en el artículo 310 del Código Político, según fué enmendado, el cual literalmente dice así:

"La citada Junta de Revisión e Igualamiento se reunirá en sesión ordinaria en los meses de enero, mayo y septiembre de cada año, y en sesión extraordinaria en cualquier otra época, cuando a juicio del presidente fuere necesario. En ella se oirán las apelaciones reci-

bidas y resolverá cualquier cuestión que se presentare y que se relacione con la mayor o menor cantidad en que puede tasarse una propiedad para imponerle las contribuciones o con el importe de éstas, o para exceptuarla de contribuciones, o bien para fijar la contribución sobre ingresos de cualquier contribuyente; y al hacer constar dicha resolución, corregirá las planillas y liquidará la contribución a imponer en las declaraciones de ingresos presentadas de acuerdo con lo que se haya decidido y lo comunicará al Departamento de Hacienda para las correcciones, cancelaciones o expedición de recibos según corresponda. La junta tendrá poder para suprimir, disminuir o aumentar las valuaciones hechas en cualquier planilla que le haya sido enviada, háyase presentado o no queja alguna con relación a la misma; y para decidir toda otra queja con respecto a la imposición de contribuciones sobre la propiedad y sobre ingresos y para corregir todos los errores que haya a medida que se le indiquen. *También podrá reconsiderar por justa causa, a su discreción y buen juicio, cualquier resolución tomada por ella, cuando así se solicite por algún contribuyente, dentro del plazo improrrogable de treinta días a contar desde la fecha de la notificación.* Al cumplir con los deberes que este título impone, la citada junta podrá examinar bajo juramento o afirmación a cualquier persona que pueda tener conocimiento o informes respecto del valor de la propiedad sujeta a tasación; y cualquier miembro de dicha junta puede tomar el juramento o afirmación.'' (Bastardillas nuestras.)

El precepto legal que acabamos de transcribir confería a la extinta Junta de Revisión e Igualamiento la facultad de reconsiderar por justa causa cualquier resolución tomada por ella, *cuando así lo hubiera solicitado algún contribuyente dentro del plazo improrrogable de treinta días desde la fecha de la notificación.*

En el presente caso, ya hemos visto que la Junta de su propia iniciativa reconsideró y redujo la contribución que ella misma había determinado y fijado, más de seis años después de haberla notificado a la contribuyente. La falta de jurisdicción de la Junta es manifiesta. Se trata de un caso de *lex scripta,* que no admite discusión. Ello no obstante, el abogado de la contribuyente, interpretando erróneamente el

precepto legal que nos ocupa, trata de encontrar en el aludido artículo dos clases de reconsideración: la primera, que puede tener lugar a solicitud del contribuyente, y la cual está limitada al plazo de treinta días a que antes hemos hecho referencia; y la segunda, que según la apelante tiene lugar a iniciativa de la propia Junta, sin que para tal reconsideración exista término prescriptivo, pudiendo tener lugar en cualquier fecha.

Esta facultad ilimitada de reconsideración, pretende la apelante encontrarla en aquella parte del artículo 310 del Código Político, dispositiva de que la Junta tendrá poder para suprimir, disminuir o aumentar las valuaciones hechas en cualquier planilla. Pierde de vista la apelante, sin embargo, que esa facultad que la ley confería a la Junta se refería a los poderes de ésta al resolver las apelaciones interpuestas para ante ella, y nada tenía que ver con la facultad de reconsideración que podía ejercitar dentro de los treinta días de haberse notificado su resolución al contribuyente.

Puesto que la Junta carecía de facultad para reconsiderar su resolución original después de expirado el término de treinta días fijado por la ley, tenemos que concluir con la corte sentenciadora que el Tesorero demandado actuó correctamente al ignorar y hacer caso omiso de la contribución fijada a virtud de tal reconsideración ilegal, y al cobrar y retener la contribución originalmente determinada y fijada por la Junta.

Pasaremos a considerar ahora la segunda cuestión envuelta en este recurso.

En cuanto a la contribución objeto de la segunda causa de acción, sostiene el Tesorero que la contribuyente tampoco tiene derecho a recobrarla a pesar de haber él recibido el pago de la misma bajo protesta después de expirados los términos fijados en las secciones $60(a)$ (1) y $61(c)$ de la Ley de Contribuciones sobre Ingresos.

Los artículos a que acabamos de referirnos prescriben:

Sección 60(a) (1).—"El importe de las contribuciones sobre ingresos y beneficios excesivos y el importe de la contribución sobre ingresos impuestos por esta Ley, o por la ley de contribución sobre ingresos número 59 de 1917, la ley de contribuciones sobre ingresos número 80 de 1919, la ley de contribuciones sobre ingresos número 43 de 1921, o por cualquiera de dichas leyes según han sido enmendadas, se tasarán dentro de cinco años después de radicarse la declaración, y no podrá entablarse un procedimiento judicial para el cobro de dichas contribuciones después de vencido dicho período."

Sección 61 (c).—"Cuando se impusiere la contribución dentro del término prescrito en la sección 60 o en esta sección, dicha contribución podrá ser cobrada mediante embargo o procedimiento judicial entablado dentro de los seis años después de impuesta la contribución. Nada de lo contenido en esta Ley se interpretará en el sentido de evitar que empiece sin tasación el procedimiento judicial para el cobro de la contribución, en cualquier momento antes del vencimiento del período dentro del cual la tasación pudiera ser hecha."

La letra de la ley es clara y, si las circunstancias que rodean el caso nos permitiesen atenernos a lo prescrito en dichos preceptos legales, tendríamos que revocar la sentencia en lo que a la segunda causa de acción se refiere. Pero los actos de la propia apelante solicitando aplazamientos y haciendo promesas de pago que luego fueron incumplidas, dando lugar así a que el Tesorero, confiando en tales promesas, dejase expirar el término fijado por la ley para verificar el cobro, impiden a la apelante beneficiarse con el resultado de una situación que ella misma creó. Si ambas partes, el Tesorero y la contribuyente, hubiesen pactado la posposición del cobro de la contribución para después de expirado el término fijado en la ley, ese pacto hubiera sido legal y no hubiera impedido al Tesorero cobrar la contribución de acuerdo con el mismo. *Brown & Sons Co.* v. *Burnet,* 282 U.S. 283. *Cf. Stange* v. *United States,* 282 U.S. 270, y *Aiken* v. *Burnet,* 282 U.S. 277. Si el término prescriptivo puede prorrogarse mediante pacto al efecto, de igual modo puede entenderse pro-

rrogado cuando no existiendo tal pacto, la dilación es causada por la conducta del contribuyente antes descrita. En un caso en que la conducta del contribuyente había sido la causa de que la contribución no se le hubiere fijado y cobrado dentro del término prescrito por la ley, el Juez Cardozo hablando por la Corte Suprema de los Estados Unidos dijo:

"El principio aplicable es fundamental e incuestionable. 'Aquel que impide la ejecución de una cosa no puede beneficiarse de la situación que él mismo ha ocasionado, porque en ese caso la ley le dice, "ésa fué tu propia actuación y por lo tanto nadie te ha perjudicado." ' [Citas.] A veces el impedimento que así se crea es caracterizado como *estoppel*, y otras veces como *waiver*, pero la denominación carece de importancia. Bastará para los propósitos del presente caso decir que el impedimento así creado extiende sus raíces hasta un principio quizás más justo aún que la doctrina de *waiver* o que la de *estoppel*, es decir, el principio de que a nadie le es permitido basar una reclamación en su propio acto injusto (*inequity*), o beneficiarse de su propio acto ilegal. [Citas.] Un pleito no puede tener por base una omisión de aquel que lo interpone. [Citas.]" *Stearns Co.* v. *United States*, 291 U. S. 54, 61.

Lo dicho basta para sostener que la apelante no tiene derecho a recobrar del Tesorero lo que éste cobró después que el término para hacerlo había expirado, por cuanto la dilación fué causada por los actos de la propia contribuyente.

*Procede por lo expuesto la confirmación de la sentencia.*