RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; ANA MARÍA SUGAR Co., interventora.

Núm. 135.—*Sometido:* Junio 3, 1947. *Resuelto:* Julio 29, 1947.

694

*Hon. Procurador General Luis Negrón Fernández*, y *Carlos Santana Becerra, Procurador General Auxiliar*, abogados del peticionario; *J. Alemañy Sosa*, abogado de la interventora, querellante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La Ana María Sugar Company, Inc., radicó con el Tesorero de Puerto Rico (a quien en adelante llamaremos el Tesorero) el *13 de diciembre de 1937* su declaración sobre ingresos correspondiente al año contributivo terminado en 30 de junio de 1937. El Tesorero envió a la contribuyente el *16 de noviembre de 1944* una notificación de deficiencia para dicho año de 1937. El *29 de noviembre de 1944* la contribuyente solicitó del Tesorero la reconsideración de dicha notificación y que se le concediera una vista administrativa. El *6 de diciembre de 1944* el Tesorero notificó a la contribuyente que accedería a su solicitud de vista administrativa si ésta firmaba

una renuncia al período prescriptivo, a lo que accedió la contribuyente firmándose por las partes un convenio que dice así:

"RENUNCIA DEL PERÍODO DE PRESCRIPCIÓN

"En San Juan de Puerto Rico, a los 9 días del mes de dic. de 1944, de una parte el contribuyente, señor (*sic*) Ana Ma. Sugar Co., Inc. de la municipalidad de Mayagüez, y de otra parte don Rafael Buscaglia, en su carácter de Tesorero de Puerto Rico, convienen y consienten como sigue:

"1º: Que de acuerdo con las disposiciones de la Ley de Contribución sobre Ingresos número 74, aprobada en agosto 6, 1925, según ha sido posteriormente enmendada, el contribuyente en este caso por sí, o por su representante debidamente autorizado, señor Alemañy Sosa, renuncia a todos los efectos legales el período de prescripción de siete (7) años que dispone la sección 60, de dicha ley, en cuanto a la tasación, imposición y cobro de la contribución sobre ingresos con respecto a su declaración de ingresos correspondiente al año contributivo terminado en junio 30 de 1937.

"2do.: Que la renuncia del período de prescripción en cuanto a la planilla de ingresos correspondiente al año 1937 tendrá efecto a partir desde la fecha en que la deficiencia ha sido notificada por el Tesorero de Puerto Rico, o sea noviembre 16, 1944, por todo el término que duren los trámites del señalamiento y celebración de la Vista Administrativa solicitada en este caso y por noventa (90) días más a contar de la fecha en que haya sido celebrada la vista administrativa.

"3º: Que el Tesorero de Puerto Rico podrá, en cualquier momento anterior a la notificación de la resolución de la vista administrativa que se conceda en este caso, imponer la deficiencia objeto de este convenio y hacer la notificación y requerimiento de pago inmediatamente, si creyese que la tasación o el cobro de la deficiencia ha de ser comprometido por la demora, según dispone el apartado (c), de la sección 57, de la Ley.

"4to.: Consintiéndose además que si de la deficiencia en contribución que le fuere notificada al contribuyente, señor Ana María Sugar Co., Inc., como resultado de la vista administrativa solicitada en este caso, estableciere apelación ante el Tribunal de Contribuciones de Puerto Rico, entonces el período de prescripción que aquí se conviene quedará prorrogado por el tiempo que estuviere el caso pendiente de resolución ante dicho Tribunal y por noventa (90)

días más después de dictada resolución final por el referido Tribunal; conviniéndose además, que si la deficiencia que se notificare como resultado de la referida vista administrativa no fuere apelada ante el mencionado Tribunal de Contribuciones de Puerto Rico, entonces será prorrogado por un término de cuarenta y cinco (45) días más a contar de la fecha en que ha sido notificada la resolución de la Vista Administrativa.

"(Fdos.) J. ALEMAÑY SOSA, Abogado de la Contribuyente.—RA-FAEL BUSCAGLIA, Tesorero de Puerto Rico."

El Tesorero concedió entonces la vista administrativa solicitada por la contribuyente y la misma se celebró el día *21 de mayo de 1945*. No fué hasta el *26 de noviembre de 1945* que el Tesorero notificó a la contribuyente el resultado de la vista administrativa y le tasó e impuso el importe de la deficiencia para el año 1937.

No conforme la contribuyente con la decisión del Tesorero acudió ante el Tribunal de Contribuciones alegando, primordialmente, que el Tesorero cometió error al imponer y tasar la deficiencia para el año 1937 por haber transcurrido más de siete años desde que la contribuyente rindió su declaración de ingresos en 13 de diciembre de 1937 hasta el 26 de noviembre de 1945 en que se tasó dicha deficiencia. El Tribunal de Contribuciones declaró con lugar la querella de la contribuyente y para revisar su resolución expedimos el presente auto a petición del Tesorero.

El Tribunal de Contribuciones al resolver la querella hizo constar que de acuerdo con las secciones 60(*a*) (1) y 61(*b*) de la Ley de Contribuciones sobre Ingresos vigente([1]) y los términos del convenio sobre renuncia del período de prescrip-

---

([1]) Estas secciones están bajo el título "Limitación de Tiempo para *Imponer* y *Cobrar* la Contribución" y disponen:

"Sección 60.—(*a*) Excepto lo que dispone la sección 61 y la subdivisión (*d*) de la sección 57 y la subdivisión (*b*) de la sección 62:

"(1) El importe de la contribución sobre ingresos y beneficios excesivos y el importe de la contribución sobre ingresos impuestos por esta Ley tal como ha sido enmendada, *se tasarán* dentro de los siete (7) años después de haberse radicado la declaración y no podrá entablarse un procedimiento judicial para el cobro de dichas contribuciones después de vencido dicho período. (En-

ción firmado por las partes, habiéndose celebrado la vista administrativa el 21 de mayo de 1945 y notificado lá imposición de la deficiencia el 26 de noviembre de 1945, ya habían transcurrido los noventa días que se habían estipulado en el inciso 2 de dicho convenio y que, por tanto, el Tesorero erró al declarar sin lugar la alegación de prescripción hecha por la contribuyente.

 Arguye el peticionario, 1ro., que de acuerdo con los términos del convenio sobre renuncia del período de prescripción, el derecho del Tesorero a cobrar esta contribución no ha prescrito, y 2do., que como cuestión de derecho e independientemente de la existencia del convenio, el Tesorero tenía facultad en ley para imponer la contribución en este caso sin que su derecho estuviera prescrito.

No tiene razón a nuestro juicio. La notificación de deficiencia que hizo el Tesorero a la contribuyente el 16 de noviembre de 1944 lo fué de acuerdo con el artículo 57(a) de la ley que, en lo pertinente, dispone:

"Sección 57.—(a) Si tratándose de algún contribuyente, el Tesorero determinare que hay una deficiencia con respecto a la contribución impuesta por este título, el contribuyente, excepto lo que dispone la subdivisión (c) será notificado de dicha deficiencia por correo certificado, pero dicha deficiencia será *tasada* en la forma que se establece en la subdivisión (b). Dentro de los quince (15) días inmediatamente siguientes a la fecha de la notificación, el contribuyente podrá solicitar del Tesorero la reconsideración de dicha determinación de deficiencia, expresando en su solicitud los fundamentos en que ésta se basa, y el Tesorero podrá concederle una vista administrativa antes de resolver el asunto, o podrá denegar la reconsideración solicitada sin la celebración de vista alguna cuando a su juicio

mendado por la Ley núm. 31, aprobada abril 12, 1941, en vigor desde enero 1, 1940.)

"* * * * * * * *

"Sección 61.—(a) * * * * * *

"(b) Cuando ambos, el Tesorero y el contribuyente, hubieren acordado por escrito *imponer* (*assess*) la contribución después de transcurrido el período fijado por la sección 60 para la imposición de la misma, ésta podrá ser impuesta (*assessed*) en cualquier momento *antes del vencimiento del período acordado*." (Bastardillas nuestras.)

dicha solicitud fuere claramente infundada. Si el contribuyente no estuviere conforme con la resolución del Tesorero respecto a cualquier deficiencia, podrá, dentro de los treinta (30) días inmediatamente siguientes a la fecha en que se le notifique la resolución, radicar una querella contra el Tesorero ante el Tribunal de Apelación de Contribuciones de Puerto Rico, en la forma dispuesta por la ley creando dicho tribunal; . . .'' (Bastardillas nuestras.)

Es cierto que la sección 60(*b*) de la ley dispone que ''El período durante el cual esta sección requiere que se verifique una *tasación* de cualquier deficiencia([2]) será prorrogado, (1) treinta (30) días si al contribuyente le hubiere sido notificada por correo de acuerdo con la subdivisión (*a*) de la sección 57 y no hubiere radicado apelación alguna ante el Tribunal de Apelación (sic) de Contribuciones de Puerto Rico, y (*d*) si se hubiere radicado alguna apelación, entonces se extenderá el período de prescripción noventa (90) días a contar de la decisión final del tribunal.'' (Bastardillas nuestras.) Empero, esta sección no entra en juego en el caso de autos debido a que el Tesorero, acogiéndose a la sección 61(*b*), supra, instó a la contribuyente, como condición para concederle una vista administrativa, a que firmara un convenio renunciando al término prescriptivo de siete años para tasar la contribución y habiéndose firmado por las partes, no puede ahora el Tesorero decir que no está obligado por sus términos. Como se dice en 10 Mertens *Law of Federal Income Taxation,* sec. 57.53, pág. 212–3, ''El contribuyente puede limitar su renuncia si así lo desea; si es aceptada por el Comisionado en la forma limitada, es efectiva solamente de acuerdo con sus términos.'' No podemos presumir que el Tesorero trató de hacer algo innecesario para la protección de su derecho cuando impuso, como condición para conceder la vista administrativa solicitada por la contribuyente, que ésta renunciara al término prescriptivo. Si de acuerdo con lo que ahora sostiene el peticionario, el caso estaba cubierto por la sección 60(*b*), supra, ¿para qué exigir la firma del convenio?

([2]) Dentro de los siete años de haberse radicado la declaración de ingresos, de acuerdo con la sección 60(*a*)(1), supra.

De acuerdo con la sección 57(a), supra, lo que hace el Tesorero es notificar al contribuyente la *determinación* de una deficiencia pero la misma sección establece la forma en que dicha deficiencia será *tasada*. Como dijimos en el caso de *Ballester* v. *Tribunal de Apelación*, 60 D.P.R. 768, 772: "Si el Tesorero no está de acuerdo con el contribuyente en cuanto a la cantidad, notifica al contribuyente por correo certificado de una·deficiencia, *pero en realidad no tasa la deficiencia* hasta que no se le haya dado al contribuyente la oportunidad de tomar ciertos pasos para atacarla (sección 57(a)). Sin embargo, si el Tesorero creyere que la *tasación o cobro de una deficiencia* ha de ser comprometida por la demora, dicha deficiencia *será tasada inmediatamente* y la notificación y requerimiento para el pago de la misma hechos por el Tesorero. (Sección 57(d); ahora 57(c), a virtud de la enmienda a la sección 57 contenida en la sección 6 de la Ley núm. 23, Leyes de Puerto Rico, 1941, Sesión Extraordinaria.)" (Bastardillas nuestras.) Es la sección 60(a) (1), supra, la que exige que el importe de la contribución sobre ingresos—y cuando existe una deficiencia necesariamente ella forma parte de la contribución—sea *tasada* por el Tesorero dentro de los siete años después de haberse radicado la declaración de ingresos.

Las prórrogas que concede la sección 60(b), supra, están sujetas a que el período prescriptivo no haya expirado cuando surjan los hechos que motiven su extensión, ya que si el período prescriptivo se hubiera extinguido antes de los treinta días concedidos por la sección 57(a) a la contribuyente para apelar·después de resuelta la reconsideración solicitada, ninguna·de dichas prórrogas podría tener efecto. No puede prorrogarse un término ya vencido. *Cf. P. R. Ry., Light & Power Co.* v. *Buscaglia*, 62 D.P.R. 597.

Como en el caso de autos la declaración de ingresos había sido rendida el 13 de diciembre de 1937, por tanto el término de siete años para tasar la contribución venció el 13 de diciembre de 1944. Pero como el Tesorero no notificó la determinación de la deficiencia hasta el 16 de noviembre de 1944 y la

contribuyente solicitó la reconsideración y vista administrativa doce días después, o sea el 28 de noviembre de 1944, el Tesorero al contestarle el 6 de diciembre del mismo año que estaba dispuesto a conceder la vista, si la contribuyente renunciaba al período prescriptivo, lo hizo porque sabía que sólo faltaban siete días para el vencimiento'de dicho término. De acuerdo con el trámite seguido en este caso no puede sostenerse que sean aplicables las prórrogas que establece la sección 60(b), supra. La contribuyente, al aceptar la proposición del Tesorero, no era lógico esperar que mientras tanto apelara de la notificación hecha por éste.

■ El hecho es que el Tesorero, amparándose en la sección 61(b), supra, obtuvo que la contribuyente firmara una renuncia del término prescriptivo pero, al hacerlo, la contribuyente, a su vez, limitó dicha renuncia, en el inciso 2 del convenio, en el sentido de que la renuncia tendría efecto desde noviembre 16, 1944, fecha de là notificación de la deficiencia por el Tesorero, "por todo el término que duren los trámites del señalamiento y celebración de la vista administrativa solicitada en este caso y *por noventa (90) días más a contar de la fecha en que haya sido celebrada la vista administrativa.*" (Bastardillas nuestras.) Esta limitación fué aceptada por el Tesorero. Si la vista se celebró el 21 de mayo de 1945, los 90 días convenidos vencían el 19 de agosto de 1945, fecha en que a más tardar debió el Tesorero haber tasado e impuesto la contribución, para así haber estado dentro de la condición estipulada con la contribuyente. No fué hasta el 26 de noviembre de 1945, o sea más de 90 días después de haber expirado el término convenido, que el Tesorero tasó e impuso la contribución, habiendo por tanto prescrito su derecho a hacerlo.

No debemos olvidar que el Tesorero, por el inciso 3ro. del convenio sobre renuncia del término de prescripción, se reservó, además, el derecho, que le concede el apartado (c) de la sección 57 de la ley, al efecto de que él podía "... *en cualquier momento anterior a la notificación de la resolución* de

la vista administrativa que se conceda en este caso, imponer la deficiencia objeto de este convenio y hacer la notificación y requerimiento de pago *inmediatamente,* si creyese que la tasación o el cobro de la deficiencia ha de ser comprometida por la demora. . . ." (Bastardillas nuestras.) Pero no sólo no hizo uso de ese derecho sino que dejó transcurrir en exceso el término convenido en el inciso segundo.

■ Arguye también el peticionario que su derecho a tasar e imponer la deficiencia no había prescrito ya que, de acuerdo con el inciso cuarto del tantas veces mencionado convenio, dicho período quedó prorrogado por noventa días más después de dictada la resolución final por el Tribunal de Contribuciones por haber la contribuyente apelado ante dicho tribunal de la deficiencia notificádale como resultado de la vista administrativa. Tampoco tiene razón el peticionario. La prórroga adicional del período de prescripción convenida en el inciso 4to, supra, sólo podía tener aplicación si el término acordado en el inciso 2do. del convenio hubiera sido cumplido por el Tesorero. Notificada la contribuyente después de expirados los noventa días estipulados en el inciso 2do., el derecho del Tesorero a tasar la deficiencia prescribió, y el hecho de que se apelara por la contribuyente no puede sostenerse que tuvo el efecto de prorrogar de nuevo dicho término. Si el Tesorero hubiese notificado el resultado de la vista administrativa dentro de los noventa días de celebrada ésta y la contribuyente hubiera apelado al Tribunal de Contribuciones, entonces era que tenía eficacia la prórroga adicional de noventa días estipulada en el inciso 4to., supra.

No merece seria consideración la argumentación del peticionario de que nada se dice en el inciso 2do. del convenio al efecto de que el Tesorero estuviera obligado a *notificar* el resultado de la vista administrativa dentro de los noventa días de celebrada. Si el Tesorero no estaba obligado a hacer dicha notificación dentro de dicho término, ¿cómo iba a enterarse la contribuyente del resultado de la reconsideración y

vista administrativa concedidas? Equivaldría esto a dejar en manos del Tesorero indefinidamente la fijación del comienzo del término de noventa días.

*Por lo expuesto, procede la confirmación de la resolución dictada por el Tribunal de Contribuciones en este caso.*