SUCESORES DE SOBRINO & CÍA., peticionarios, *v.* TRIBUNAL DE CONTRIBUCIONES, demandado; TESORERO DE PUERTO RICO, interventor.

Núms. 177 y 180.—*Sometidos:* Mayo 3, 1948. *Resueltos:* Junio 2, 1948.

*D. Guerrero Noble,* abogado de la peticionaria; *Hon. Procurador General Luis Negrón Fernández y Edgar S. Belaval,* abogado especial éste del Departamento de Justicia, abogados del interventor, querellado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El 15 de octubre de 1937 la contribuyente radicó su planilla de ingresos por el año contributivo que finalizó el 31

de julio de 1937. El 28 de octubre de 1943 el Tesorero le envió una notificación de deficiencia. El 12 de noviembre de 1943—dentro de los siete años a partir de la fecha de la planilla—la contribuyente solicitó del Tesorero la reconsideración de dicha deficiencia así como una vista administrativa. En la petición de reconsideración decía la contribuyente que "Hago constar que renuncio expresamente al período de prescripción en este caso. . . ".

La vista administrativa se celebró el 1 de mayo de 1944. El 28 de diciembre de 1944—después de transcurrir más de siete años desde la fecha de la planilla—el Tesorero notificó a la contribuyente que declaraba sin lugar su solicitud de reconsideración. El 15 de marzo de 1945 el Tesorero le envió a la contribuyente una notificación y requerimiento más los intereses, ascendente a $837.81. El 24 de dicho mes la contribuyente voluntariamente pagó dicha suma al Tesorero.

El 18 de diciembre de 1945 solicitó la contribuyente del Tesorero el reintegro de la cantidad pagada por el único motivo de que el derecho del Tesorero a tasar la deficiencia había prescrito cuando la hizo. El Tesorero denegó dicha petición de reintegro. La contribuyente radicó una querella ante el Tribunal de Contribuciones, desestimándola éste por el fundamento de que no aducía hechos constitutivos de una causa de acción. El caso se encuentra ante nos en *certiorari* para revisar esta decisión del Tribunal de Contribuciones.

■■ No podemos convenir con el Tesorero en que la peticionaria hizo una elección irrevocable de remedios al solicitar la reconsideración y una vista administrativa. "En contribuciones sobre ingresos la elección por el contribuyente de los remedios es más fácil de determinar. Contrario a los casos de arbitrios, donde el pago es el primer paso bajo ambas alternativas, cuando un contribuyente resiste una notificación de deficiencia, éste no paga la con-

tribución. Por el contrario, presta una fianza de no menos de las ¾ partes y demanda ante el Tribunal de Contribuciones. *Mayagüez Light, Power and Ice Co.* v. *Tribunal de Contribuciones,* [65 D.P.R. 30]. Bajo su remedio alternativo, en vez de dejar de pagar, el contribuyente paga y demanda por el reintegro. *The Coca Cola Co.* v. *Tribunal de Contribuciones,* [65 D.P.R. 152]." *Gerardino* v. *Tribunal de Contribuciones,* ante, pág. 219, 237, escolio 13. Aquí la contribuyente optó por pagar la contribución en vez de proceder a demandar ante el Tribunal de Contribuciones sin pagarla y prestando la fianza por ¾ partes. Solicitó el reintegro del Tesorero dentro del período prescriptivo de 4 años establecido por la sección 64(*b*) y radicó su pleito por el reintegro ante el Tribunal de Contribuciones dentro del término provisto por ley. Por consiguiente, el Tribunal de Contribuciones tenía jurisdicción para decidir este pleito de reintegro.

■■ Queda por resolver la cuestión de si el Tribunal de Contribuciones cometió error al decidir que la querella no aducía una causa de acción. Suponemos, sin decidirlo, que la deficiencia fué tasada después de expirado el término prescriptivo fijado por la ley. Pero, según indicó el Tribunal de Contribuciones, la peticionaria no alegó que en los méritos no debía la contribución. La contribuyente levantó esta cuestión en los méritos en su moción de reconsideración. Pero al declarársele sin lugar dicha moción, voluntariamente pagó la contribución. Y ahora solamente suscita la cuestión de que la deficiencia estaba prescrita cuando se tasó.

Recientemente consideramos el efecto de la sección 60(*a*) de la Ley de Contribuciones sobre Ingresos, que establece un término prescriptivo de siete años para las deficiencias. Dijimos que el estatuto solamente impide ejercitar el remedio del Tesorero, y no su derecho a cobrar la contribución.

Por tanto resolvimos que aun después de haber prescrito el remedio, la Legislatura puede modificar el término prescriptivo extendiendo el período dentro del cual el Tesorero puede hacer valer su derecho a cobrar la contribución. *Rodríguez y Palacios* v. *Tribunal de Contribuciones,* ante, pág. 685.

██ De igual modo, un contribuyente que voluntariamente paga una deficiencia que admite debe pagar a no ser porque está prescrita, no tiene causa de acción para el reintegro. La contribución es impuesta por la ley, no por el Tesorero. Si el Tesorero deja de tasar la contribución dentro del término prescriptivo, el contribuyente puede defenderse en un pleito para su cobro, alegando la prescripción. En ese estado, el Tesorero no tiene remedio alguno con el cual hacer valer el derecho existente. Pero si en vez de defenderse de la reclamación del Tesorero el contribuyente la paga voluntariamente, la falta de remedio de parte del Tesorero no es fatal. Habiendo el contribuyente pagado una contribución que adeudaba después de una vista administrativa en la cual no levantó la cuestión de prescripción, no puede demandar en solicitud del reintegro. Véanse *Snyder* v. *Routzahn,* 55 F.2d 396 (District Court, Ohio, 1931); *United States* v. *Wyoming Central Ass'n,* 70 F.2d 869 (C.C.A. 10, 1934); *American Light & Traction Co.* v. *Harrison,* 142 F.2d 639, 641 (C.C.A. 7, 1944). En este último caso la corte dice que la sección 607 de la Ley Federal de Rentas Internas de 1928, 26 U.S.C.A. sec. 3770(a)(2), dispone que el pago de una contribución una vez transcurrido el término prescriptivo, es considerado como un pago indebido y crea una causa de acción para solicitar el reintegro. Véanse Seidman's *Legislative History of Federal Income Tax Laws,* págs. 565–67; 10 Mertens, *Law of Federal Income Taxation,* sec. 58.37, pág. 325; Zimet, *Tax Refund Claims and the Statute of Limitations,* 1 *Tax.L.Rev.* 45. Pero nuestra Legislatura no ha elegido conceder a los contribuyen-

tes una causa de acción para recobrar contribuciones pagadas voluntariamente una vez transcurrido el término prescriptivo frente a su cobro por la vía administrativa o el remedio judicial. En ausencia de un estatuto insular equivalente a la sección 607, la contribuyente en este caso no tiene tal causa de acción.(1)

Huelga decir que este caso no es aplicable a una situación en que el contribuyente, impugnando el derecho del Tesorero a tasar la deficiencia porque está prescrita por ley, radica querella ante el Tribunal de Contribuciones después que el Tesorero ha denegado la reconsideración sin pagar la contribución; y luego de una decisión adversa del Tribunal de Contribuciones, paga la contribución bajo protesta con el fin de invocar la jurisdicción de esta Corte Suprema. Bajo dichas circunstancias el contribuyente sigue el procedimiento provisto por ley para levantar la cuestión de prescripción. No hizo esto en el presente caso.

En vista del resultado a que hemos llegado, es innecesario que determinemos si la contribuyente renunció al término prescriptivo(2) o si estaba impedida de suscitar la cuestión de prescripción debido a que la vista administrativa fué dos veces pospuesta a solicitud suya.(3)

*La decisión del Tribunal de Contribuciones será confirmada.*

El Juez Asociado Sr. De Jesús no intervino.

---

(1)*Cf. González Padín* v. *Tribunal de Contribuciones*, 66 D.P.R. 964, 982–3, y escolio 8.

(2)En apoyo de la cuestión de renuncia el Tesorero cita *Stange* v. *United States*, 282 U.S. 270; *Aiken* v. *Burnet*, 282 U.S. 277; *Brown & Sons Co.* v. *Burnet*, 282 U.S. 283; *Burnet* v. *Railway Equipment Co.*, 282 U.S. 295. Y *cf. Buscaglia* v. *Tribunal de Contribuciones*, 67 D.P.R. 693.

(3)Sobre la cuestión de impedimento descansa el Tesorero en *Sucrs. de J. González & Co.* v. *Buscaglia, Tes.*, 63 D.P.R. 253.