EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ronald D. Swanson Cerna, Marta M. Villares y la Sociedad Legal de Gananciales por estos compuesta<br><br>Recurrido<br><br>v.<br><br>Juan Carlos Méndez, Secretario de Hacienda, y el Estado Libre Asociado de Puerto Rico<br><br>Peticionarios | Certiorari<br><br>2015 TSPR 142<br><br>193 DPR ____ |

Número del Caso: CC-2014-393

Fecha: 23 de octubre de 2015

Tribunal de Apelaciones:

      Región Judicial de San Juan

Oficina de la Procuradora General:

      Lcda. Margarita Mercado Echegaray
      Procuradora General

      Lcda. Karla Pacheco Álvarez
      Subprocuradora General

      Lcda. Carmen A. Riera Cintrón
      Procuradora General Auxiliar

Materia: Derecho Contributivo – Sección 6006(b) del Código de Rentas Internas – extensión del término prescriptivo para tasar contribución.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ronald D. Swanson Cerna, Marta
M. Villares y la Sociedad Legal
de Gananciales por estos
compuesta

Recurrido

        v.

Juan Carlos Méndez, Secretario
de Hacienda, y el Estado Libre
Asociado de Puerto Rico

Peticionarios

|  |  |
|---|---|
| | Certiorari |
| | CC-2014-0393 |

Opinión del Tribunal emitida por el Juez Asociado Señor Rivera García

En San Juan, Puerto Rico, a 23 de octubre de 2015.

La presente controversia se desarrolla en el contexto de la Sección 6006 (b) del Código de Rentas Internas de 1994, 13 LPRA ant. sec. 8026, relacionadas al consentimiento que prestaba un contribuyente para extender el término prescriptivo dispuesto por ley para que el Departamento de Hacienda de Puerto Rico tasara una contribución. En esta ocasión, tenemos la oportunidad de reiterar la norma establecida en Cía. Azucarera v. Tribl. Contribuciones y Tes., 72 DPR 909 (1951), a los efectos de que dicho consentimiento es válido aunque no esté firmado

por el Secretario del Departamento de Hacienda. En consecuencia, revocamos la Sentencia emitida el 18 de marzo de 2014 por el Tribunal de Apelaciones que resolvió lo contrario.

I

Los antecedentes fácticos que dieron origen al presente caso se reseñan a continuación. El 27 de mayo de 2003 el Negociado de Auditoría Fiscal del Departamento de Hacienda le notificó al Sr. Ronald D. Swanson Cerna una deficiencia contributiva correspondiente al año contributivo de 1999 por la cantidad de $61,951.00. Luego de varios trámites administrativos, la Oficina de Apelaciones Administrativas le notificó a éste un documento titulado "Notificación Final de la Deficiencia" en la que se le informó que la deficiencia contributiva para el año 1999 ascendía a la suma de $65,923.98.[1]

No conteste con esa determinación, el 13 de octubre de 2006 el señor Swanson Cerna, la Sra. Marta M. Villares y la sociedad legal de gananciales compuesta por ambos (los recurridos) presentaron ante el Tribunal de Primera Instancia una demanda sobre impugnación de determinación de deficiencia en contra del Departamento.[2] En esta alegaron, en síntesis, que la notificación final de contraria al debido proceso de ley por no contener determinaciones de hechos y de derecho. Por otra parte,

---

[1] Véase, Notificación Final de la Deficiencia. Apéndice del recurso de *certiorari,* pág. 45.
[2] Véase, Demanda. Id., pág. 29.

sostuvieron en la alternativa que se notificó fuera del término prescriptivo que disponía el Código de Rentas Internas de 1994, supra, para que el Secretario de Hacienda tasara la contribución y determinara si existían deficiencias contributivas. Según los recurridos, la última fecha para tasar la contribución correspondiente era el 18 de mayo de 2004.

Tiempo después, en noviembre de 2011, el señor Swanson Cerna presentó ante el Tribunal de Primera Instancia una moción de sentencia sumaria.[3] Argumentó que no existían controversias de hechos materiales y solo restaba aplicar el derecho en ese litigio puesto que todo se circunscribía a determinar si la notificación final de deficiencia cumplió con el debido proceso de ley y si estaba prescrita. En marzo de 2012 el Secretario del Departamento de Hacienda se opuso a esta solicitud. En cuanto a lo que nos ocupa en este recurso, arguyó que los recurridos suscribieron durante los años 2004, 2005 y 2006 sendos documentos titulados *Consentimiento fijando limitaciones de tiempo para la tasación de la contribución* (Consentimiento fijando limitaciones de tiempo). Según su apreciación, ello tuvo como consecuencia que el periodo de tasación del año contributivo terminado en 31 de diciembre de 1999 se extendiera hasta el 18 de mayo de 2007.[4] Por lo tanto, sostuvo que la defensa de prescripción era inmeritoria. Tras evaluar las respectivas mociones y otros

---

[3] Véase, Moción de Sentencia Sumaria. Id., pág. 38.
[4] Véase, Oposición a Moción de Sentencia Sumaria. Id., pág. 48.

documentos presentados por las partes, el Tribunal de Primera Instancia denegó la solicitud de sentencia sumaria por entender que existían controversias sustanciales de hechos que debían dilucidarse.[5] En lo pertinente a este caso, dictaminó lo siguiente:

> Es necesario determinar si el hecho de que el Departamento de Hacienda conserve como parte del expediente de este caso el *Consentimiento Fijando Limitaciones de Tiempo* para la Tasación de la Contribución que firmó el señor Ronald Swanson en el año 2004, es una aceptación del Secretario a tal relevo y por lo tanto, no es necesario que éste o su representante hubieran firmado el referido documento.[6]

El foro primario resolvió de esa manera ante el hecho de que el *Consentimiento Fijando Limitaciones de Tiempo* firmado por el señor Swanson Cerna el 17 de mayo de 2004 no consta suscrito por el Secretario del Departamento de Hacienda o su representante autorizado.[7]

---

[5] Véase, Resolución. Id., pág. 82. Es importante destacar que el señor Swanson Cerna sostuvo que el consentimiento era ineficaz por dos razones fundamentales, a saber: (1) porque éste carecía de la firma del Secretario de Hacienda y (2) porque la otra contribuyente, Sra. Marta M. Villares, no firmó el mismo. Sobre este último argumento, el Estado reiteradamente ha sostenido que del expediente judicial no puede determinarse si el señor Swanson Cerna compareció en representación de ambos contribuyentes, si éstos se concedieron autorizaciones mutuas para extender el periodo prescriptivo o si estos así lo representaron ante el Departamento de Hacienda. Ante ello, al denegar originalmente la solicitud de sentencia sumaria, el foro primario determinó que por no surgir del expediente, era necesario determinar si ambos demandantes se concedieron autorizaciones mutuas para suscribir los documentos titulados *Consentimiento fijando limitaciones de tiempo para la tasación* y si le representaron al Departamento de Hacienda que contaban con dicha autorización. Esto, pues no constaban firmados por la Sra. Marta M. Villares, quien era la esposa del señor Swanson Cerna.

[6] Id., pág. 89.

[7] Véase, Consentimiento fijando limitaciones de tiempo para la tasación de la contribución. Apéndice de la petición de *certiorari,* pág. 62.

Inconforme con ello, el señor Swanson Cerna presentó una moción de reconsideración ante el Tribunal de Primera Instancia.[8] Primeramente, y en lo pertinente, sostuvo que no existía controversia en cuanto a que el Secretario del Departamento de Hacienda no había suscrito el referido documento, contrario a lo que expresamente disponía la Sec. 6006 (b) del Código de Rentas Internas de 1994 y que por ello, el documento no era válido. Además, planteó que el asunto sobre si el Secretario de Hacienda había aceptado el documento por el hecho de haberlo mantenido en el expediente de la agencia era una controversia de derecho y no de hechos. Por su parte, el Estado alegó que aunque en el documento no obrara la firma del Secretario de Hacienda o su representante autorizado, era evidente que dicho formulario era uno oficial provisto por el propio Departamento de Hacienda y que quien tomó la firma del contribuyente fue un funcionario autorizado a ello.

Examinadas dichas contenciones, el foro de primera instancia reconsideró su dictamen y emitió sentencia el 24 de octubre de 2012.[9] Concluyó que la ausencia de la firma del Secretario de Hacienda en el documento *Consentimiento fijando limitaciones de tiempo* con fecha del 17 de mayo de 2004 no cumplió con los requisitos de la Sec. 6006 del Código de Rentas Internas de 1994, supra. Al ser así, resolvió que no se configuró la excepción establecida en la ley para autorizar al Secretario de Hacienda a extender

---

[8] Véase, Moción de reconsideración. Id., pág. 91.
[9] Véase, Sentencia. Id., pág. 20.

por un año adicional el término para tasar la contribución. De esta forma, dictaminó que los consentimientos posteriores tampoco tuvieron efecto. Por lo tanto, no dilucidó lo referente a la validez de la Notificación Final de Deficiencia objeto de la demanda de impugnación que presentaron los recurridos. De igual manera, resultaba innecesario adjudicar las controversias previamente enunciadas cuando denegó la solicitud de sentencia sumaria. En consecuencia, catalogó como ineficaz el *Consentimiento fijando limitaciones de tiempo* suscrito por el señor Swanson Cerna el 17 de mayo de 2004 y declaró ha lugar la demanda presentada ante ese foro por los recurridos.

Inconforme con el curso decisorio, el Departamento de Hacienda, por conducto de la Oficina del Procurador General, presentó un escrito de Apelación ante el Tribunal de Apelaciones. En este señaló que no procedía dictar sentencia sumaria a favor de los contribuyentes. Por una parte, sostuvo que existía controversia de hechos en cuanto a si los aquí recurridos se concedieron autorizaciones mutuas para suscribir los documentos en controversia. Esto, pues algunos constaban firmados únicamente por el señor Swanson Cerna. Así también, argumentó que erró el foro primario al concluir que el periodo para tasar la contribución prescribió por la alegada ineficacia del documento suscrito por el señor Swanson Cerna en el 2004. Arguyó que la firma del

Secretario de Hacienda no era indispensable para que el documento en controversia fuera válido según lo resuelto por este Tribunal Supremo en Cía. Azucarera v. Trib. De Contribuciones, supra. El foro apelativo intermedio resolvió lo contrario en cuanto a este asunto particular. Apoyó su determinación en una decisión emitida por el Noveno Circuito en Rohde v. U.S., 415 F.2d 695 (9th Cir. 1969). Al evaluar los planteamientos del Estado, el foro apelativo intermedio dictaminó de la siguiente manera:

> […] el Estado aduce que la firma del Secretario no es indispensable, a la luz de lo resuelto por nuestro Tribunal Supremo en Cía. Azucarera v. Tribl. Contribuciones y Tes., supra, por entender que se trata de una renuncia unilateral por un contribuyente, y no un contrato. […] No nos convence su posición.
>
> […]
>
> […] nos persuade el razonamiento del Noveno Circuito a los efectos de que aun cuando la renuncia (waiver) no es un contrato entre las partes, la extensión al término que dispone la ley se trata de un acuerdo que **no surte efecto hasta tanto no sea suscrito por ambas partes.** (Énfasis en el original).[10]

Así, confirmó la sentencia emitida por el Tribunal de Primera Instancia y resolvió que era innecesario adentrarse en el resto de los señalamientos del Estado referentes a la procedencia de la sentencia sumaria por la alegada existencia de hechos que estuvieran en controversia.

Por estar en desacuerdo con la determinación del Tribunal de Apelaciones, el Departamento de Hacienda

---

[10] Sentencia del Tribunal de Apelaciones, Id., en las págs. 158-159.

presentó el recurso de *certiorari* de epígrafe y señaló como único error el siguiente:

> Erró el Tribunal de Apelaciones al confirmar la sentencia sumaria dictada por el Tribunal de Primera Instancia y concluir que el documento titulado "Consentimiento Fijando Limitaciones de Tiempo para la Tasación de la Contribución["], firmado únicamente por el contribuyente, es ineficaz y no tuvo el efecto de interrumpir el término prescriptivo para tasar la deuda contributiva.[11]

El Estado alega que no procedía la sentencia sumaria y que el foro apelativo intermedio no tomó en consideración lo resuelto en Cía. Azucarera v. Tribl. Contribuciones y Tes., supra, que aunque se resolvió al amparo de la Ley de Contribuciones de 1924, supra, interpretó una disposición legal similar a la que se encuentra en controversia en este caso. Los recurridos comparecieron y tuvieron la oportunidad de expresarnos su posición. Contando con el beneficio de la comparecencia de las partes, pasemos a discutir el derecho aplicable a este asunto.

II

-A-

En este caso nos corresponde determinar únicamente si el documento intitulado *Consentimiento Fijando Limitaciones de Tiempo* que suscribió el señor Swanson Cerna en mayo de 2004 es válido aunque no esté firmado por el Secretario del Departamento de Hacienda. Para resolver dicha controversia es necesario que repasemos las disposiciones del Código de Rentas Internas de 1994,

---

[11] Petición de *certiorari*, pág. 8.

_supra_, que era el estado de derecho vigente al momento en que se suscitaron los hechos que dieron origen a este recurso. Veamos.

La Sec. 6005 del Código de Rentas Internas de 1994, 13 LPRA ant. seq. 8025, disponía que el monto de las contribuciones o impuestos establecidos por cualquier subtítulo de ese Código debía tasarse dentro de un periodo de cuatro años después de haberse rendido la planilla o declaración. Así, no se podía instar ningún procedimiento judicial sin tasación para cobrar contribuciones después de la expiración de dicho período. Si un contribuyente enmendaba su planilla dentro de los sesenta (60) días antes de la expiración del período de prescripción para la tasación de la contribución, y dicha enmienda resultaba en un aumento en el monto de las contribuciones o impuestos determinados en la planilla original, el Secretario tendría un año desde que recibió la planilla o declaración enmendada para tasar las contribuciones o impuestos adicionales. Ahora bien, este periodo de cuatro años tenía una excepción mediante la cual el contribuyente tenía la potestad de consentir a que dicho periodo de tiempo se extendiera. En específico, la Sec. 6006 (b) del referido Código preceptuaba lo siguiente:

> Cuando antes de la expiración del período establecido en la sección 6005 de este Subtítulo para la tasación de la contribución, ambos, el Secretario y el contribuyente, hubieren acordado por escrito tasar la contribución después de dicho período, la contribución podrá ser tasada en cualquier momento anterior a la expiración del período que se acuerde. El período así acordado

podrá prorrogarse por acuerdos suscritos sucesivos hechos antes de la expiración del período previamente acordado.

Como se puede apreciar, esta Sec. 6006 (b) establecía que tanto el contribuyente como el Secretario de Hacienda debían acordar por escrito su consentimiento para que se tasara la contribución luego de expirado el periodo de cuatro años dispuesto en la Sec. 6005 del Código de Rentas Internas de 1994. Por su parte, La Sec. 275-1 (3)(g) del Reglamento de Contribuciones sobre Ingresos del Departamento de Hacienda, Reglamento Núm. 457 de 28 de septiembre de 1951, según enmendado, se limita a reproducir el mismo lenguaje de la Sec. 6006 (b) del Código de Rentas Internas. Es en este requisito de que se "acuerde por escrito" que se amparan primordialmente los recurridos para sostener que el consentimiento que prestó el señor Swanson Cerna en mayo de 2004 para extender el término prescriptivo para tasar su contribución nunca surtió efectos legales.

Este no es un asunto de primera impresión para este Tribunal. Hace ya varias décadas que esta Curia atendió una controversia similar en <u>Cía. Azucarera v. Tribl. Contribuciones y Tes.</u>, supra. Allí interpretamos el inciso (b) de la Sec. 61 de la Ley de Contribuciones sobre Ingresos de 1924 que disponía como sigue:

> Cuando ambos, el Tesorero y el contribuyente, hubieren acordado por escrito imponer la contribución después de transcurrido el periodo transcurrido por la sección 60 para la imposición de la misma, ésta podrá ser impuesta en cualquier

momento antes del vencimiento del periodo acordado.

En ese caso la peticionaria sostenía que el acuerdo de renuncia al periodo de prescripción que había efectuado no era válido porque, entre otras cosas, solo estaba juramentado por el contribuyente mas no por el entonces Tesorero. Cía. Azucarera v. Tribl. Contribuciones y Tes., supra, pág. 916. No obstante, en cuanto a este asunto dictaminamos lo siguiente:

> La jurisprudencia está dividida en cuanto a si una renuncia de prescripción que no ha sido aprobada por escrito por el Comisionado de Rentas Internas federal (aquí el Tesorero) es válida. Aun cuando la Corte de Apelaciones para el Primer Circuito se encuentre entre aquéllas que han negado eficacia a una renuncia no aprobada por escrito por el Comisionado […] siendo la cuestión planteada una de interpretación de un estatuto local, no importa que éste sea similar al estatuto federal, no estamos obligados a seguir la interpretación que a este último haya dado dicha corte a pesar de que sus razonamientos puedan ser persuasivos. […] Empero, en el presente caso no lo son pues se limitan a aplicar estrictamente las palabras del estatuto **sin tomar en consideración, como lo han hecho otras cortes, las actuaciones de las partes y especialmente la del Comisionado, al dar consideración a la renuncia firmada por el contribuyente, tratar el caso como uno en el cual en efecto se ha renunciado al término prescriptivo y haberse pospuesto la imposición de la contribución por haber concedido el Comisionado (aquí el Tesorero) vistas y reconsideraciones a base de dicha renuncia.** (Énfasis nuestro)(Citas omitidas)

Posterior a ese caso, no hemos emitido otro pronunciamiento interpretando las disposiciones legales pertinentes a estos tipos de renuncia. Como se mencionó en ese caso, muchas de las disposiciones del Código de Rentas Internas de Puerto Rico son similares a algunas

provenientes del Código de Rentas Internas federal. Por su valor persuasivo, examinemos cómo ha evolucionado la interpretación que los foros federales han hecho respecto a esto.

Según nos explican algunos tratadistas de esa jurisdicción, existe una clara división entre los Tribunales de Circuito respecto a la efectividad de estas renuncias cuando no constan firmadas por el funcionario de gobierno. 15 *Mertens Law of Federal Income Taxation*, §57:65 (2015). Según exponen, la mayoría de las decisiones judiciales han resuelto que estos documentos son válidos aunque dicha firma esté ausente. Id. El razonamiento ha sido que estos tipos de renuncia no son un contrato, y que la provisión del Código de Rentas Internas federal que requiere la firma del Secretario se insertó meramente por propósitos administrativos, y no para convertir en un contrato lo que en esencia es una renuncia unilateral y voluntaria por parte del contribuyente.

No obstante, el Tribunal de Apelaciones se fundamentó en la decisión emitida por el Noveno Circuito en Rohde v. U.S., supra, para confirmar la sentencia del Tribunal de Primera Instancia, desviándose del precedente establecido por este máximo foro en Cía. Azucarera v. Tribl. Contribuciones y Tes., supra. En Rohde v. U.S., supra, se interpretó la Sec. 6502 (a) del Código de Rentas Internas federal de 1954 que disponía en parte, que un

procedimiento para cobrar contribuciones federales debía

comenzar:

> (1) Within 6 years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Secretary or his delegate and the taxpayer before the expiration of such 6-year period.

Como se puede apreciar, esa disposición es similar a

la que contenía el Código de Rentas Internas de Puerto

Rico de 1994, supra. En ese caso, se resolvió que

contrario a interpretaciones previas de otros foros

federales, dicha sección no se refería a una renuncia

(waiver) sino a un acuerdo (agreement) entre el Secretario

y el contribuyente. Luego de examinar ciertas

disposiciones reglamentarias que viabilizaban ese mandato

de la ley, dicho foro concluyó que en efecto, era

necesario que constara por escrito el consentimiento del

Comisionado de Rentas Internas. Rhode v. U.S., págs. 698-

699. En específico, ese foro concluyó lo siguiente:

> The event which fixes the effective date of a waiver could have been the unilateral act of the taxpayer in signing the waiver, but the statute does not say that. The statute requires an 'agreement' of the taxpayer and the Government. True 'agreement' does not mean 'contract' in this setting. It means expressed assent. But the statute is still unclear about the effect which the lack of expressed assent has upon the validity of the waiver. That ambiguity is resolved by Treasury Regulation 301.6502(a)(2)(i) promulgated in 1956, which provides in pertinent part as follows: 'Collection after assessment (a) Length of Period- (2) Extension by agreement. (i) The 6-year period of limitation on collection after assessment of any tax may, prior to the expiration thereof, be extended for any period of time agreed upon in writing by the taxpayer and the district director. The extension shall become

effective upon execution of the agreement by both the taxpayer and the district director. Rohde v. U.S., supra, pág. 698.

Luego de exponer el marco jurídico aplicable, pasemos a resolver la controversia que nos ocupa.

III

La controversia que se plantea ante esta Curia es la siguiente: ¿se prorrogó el término -con respecto al señor Swanson Cerna- para tasar una contribución aun cuando el documento *Consentimiento fijando limitaciones de tiempo* que firmó no consta suscrito por el Secretario del Departamento de Hacienda? Tras examinar el derecho aplicable contestamos afirmativamente. Nos explicamos.

El documento provisto por el Departamento de Hacienda, titulado *Consentimiento fijando limitaciones de tiempo para la tasación de la contribución,* es uno en el que el contribuyente decide prestar su consentimiento para que el término prescriptivo que opera a su favor se prorrogue. Es decir, de esta forma, el Secretario de Hacienda contará con más tiempo para determinar, entre otras cosas, si hubo una deficiencia en la contribución rendida, tal y como ocurrió en este caso. Ciertamente, al examinar el lenguaje de la Sec. 6006 (b) del Código de Rentas Internas de 1994, podría inferirse que es necesario la firma tanto del contribuyente como del Secretario de Hacienda. Sin embargo, eso no fue lo que enunciamos en Cía. Azucarera v. Tribl. Contribuciones y Tes., supra, y el Tribunal de Apelaciones debió resolver conforme a ese

precedente. Si bien existen varios pronunciamientos emitidos por distintos foros federales que resuelven lo contrario, sus fundamentos no nos persuadieron en aquella ocasión y tampoco lo hacen ahora.

En Cía. Azucarera v. Tribl. Contribuciones y Tes., supra, denegamos acoger las decisiones federales que se negaban a darle eficacia a una renuncia prestada por un contribuyente si no constaba la firma del Secretario. La razón que nos motivó a resolver así en aquel entonces fue que dichos pronunciamientos "se limita[ban] a aplicar estrictamente las palabras del estatuto sin tomar en consideración […] las actuaciones de las partes…". En específico, las actuaciones coetáneas y posteriores de la propia contribuyente y del Secretario de Hacienda. Al analizar esto, determinamos que:

> la conducta de la contribuyente en el presente caso solicitando la reconsideración de las deficiencias y una vista administrativa y, luego de dictada una resolución, solicitando su reconsideración y una nueva vista, la cual le fue concedida, **unida dicha conducta a la renuncia del término prescriptivo que firmó y juró ante un funcionario del Negociado de Contribución sobre Ingresos, hacía innecesaria, bajo las circunstancias concurrentes, la firma del Tesorero para que su conformidad a extender el término quedara plenamente demostrada a través de todo el procedimiento administrativo** y para que la contribuyente esté impedida (estopped) de repudiar sus propias actuaciones y trate de acogerse a un privilegio que renunció. Id., en la pág. 923. (Énfasis nuestro)

Por lo tanto, lo que corresponde evaluar en el caso que nos ocupa es si el comportamiento del señor Swanson

Cerna y del Departamento de Hacienda fue tal que hacen innecesaria la firma del Secretario de Hacienda para darle validez al *Consentimiento fijando limitaciones de tiempo* que suscribió el 17 de mayo de 2004.

Un examen del expediente revela que en este caso el señor Swanson Cerna se sometió al proceso administrativo para impugnar la deficiencia notificada, y además, no solo firmó el documento en controversia en mayo de 2004, sino que lo hizo en dos ocasiones posteriores y justo en la fecha en que el término prorrogado estaba por expirar. El 18 de mayo de 2005 el recurrido suscribió el *Consentimiento fijando limitaciones de tiempo* nuevamente. En esa ocasión, también suscribió el mismo el representante autorizado del Secretario del Departamento de Hacienda. El siguiente año, en 18 de mayo de 2006, actuó con igual proceder. De la misma forma, en esa ocasión suscribió el documento un funcionario de la agencia.

Ante estos hechos, difícilmente podría beneficiarse el señor Swanson Cerna de la deficiencia de forma de la que adolece el consentimiento que prestó por escrito el 17 de mayo de 2004. Las que realizó ante el Departamento de Hacienda con el fin de impugnar la deficiencia notificada demuestran que en efecto, este quiso prorrogar el término prescriptivo que le aplicaba. Cónsono con ello, resolvemos que la referida renuncia surtió efectos jurídicos entre este y el Departamento de Hacienda.

Por lo tanto, concluimos que cuando un contribuyente firma el documento "Consentimiento fijando limitaciones de tiempo" provisto por el Departamento de Hacienda **y además**, efectúa actos afirmativos que demuestran su intención de que dicha contribución se tase durante el término así prorrogado, tal renuncia surtirá efectos **aun cuando el Secretario de Hacienda no haya suscrito el acuerdo**. Esto, pues los propios actos de tal contribuyente manifiestan su intención de prorrogar el término y no podría este ampararse en la falta de la firma del Secretario para evitar los efectos de la renuncia que efectuó voluntariamente. Ahora bien, debe quedar claro que el criterio a evaluarse en este tipo de situaciones es el comportamiento de las partes durante el trámite de los procedimientos que se lleven a cabo en la agencia, lo que deberá evaluarse caso a caso.[12] Resolver lo contrario sería revocar en su totalidad lo resuelto en <u>Cía. Azucarera v. Tribl. Contribuciones y Tes.</u>, supra, y no encontramos razón para hacerlo.

IV

Por los fundamentos antes expuestos, se revoca la Sentencia emitida por el Tribunal de Apelaciones el 18 de marzo de 2014 y se devuelve a ese foro para que atienda el

---

[12] Tan es así que este Tribunal ha determinado que este término prescriptivo puede entenderse prorrogado, aún sin un pacto a tales efectos, si la dilación es atribuida a la conducta del contribuyente, la cual impidió cobrar la contribución notificada dentro del término para ello. Véase <u>Scrs. De J. González & Co. v. Buscaglia, Tes.,</u> 63 DPR 253, 258-259 (1944).

resto de los planteamientos que presentó el Estado en su Escrito de Apelación.

Se dictará sentencia de conformidad.


Edgardo Rivera García
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Ronald D. Swanson Cerna, et al. Recurrido<br><br>v.<br><br>Juan Carlos Méndez, et al. Peticionario | Certiorari<br><br>CC-2014-0393 | |

SENTENCIA

San Juan, Puerto Rico, a 23 de octubre de 2015.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la sentencia dictada por el Tribunal de Apelaciones en el caso de autos. Resolvemos que el documento intitulado Consentimiento Fijando Limitaciones de Tiempo suscrito por el señor Ronald D. Swanson Cerna surtió efectos jurídicos en cuanto a este, independientemente de que no constara suscrito por el Secretario de Hacienda.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre con la siguiente expresión:

"La Opinión que hoy suscribe una mayoría de este Tribunal no es clara en torno a los requisitos con los que se debe cumplir para que un consentimiento fijando limitaciones de tiempo para la tasación de la contribución surta efectos. Al no delimitar expresamente la naturaleza de este tipo de renuncia, la Opinión remite a los foros inferiores

a un análisis contextual innecesario. Consideraciones de política pública favorecen validar la renuncia unilateral por parte de un contribuyente al término prescriptivo y, consiguientemente, ameritan un dictamen más contundente que permita a los foros inferiores determinar con certeza cuándo un contribuyente ha efectuado la misma."

La Juez Asociada señora Oronoz Rodríguez concurre sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo