EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Kermidt R. Troche Mercado | 2016 TSPR 42<br><br>194 DPR ____ |

Número del Caso: TS-12,071

Fecha: 7 de marzo de 2016

Oficina de Inspección de Notarías:

       Lcdo. Manuel Ávila de Jesús
       Director

Materia: Conducta Profesional – La suspensión será efectiva una vez advenga final y firme la Sentencia conforme a la Regla 45 del Reglamento del Tribunal Supremo.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re Kermidt R. Troche Mercado

TS-12, 071

PER CURIAM

En San Juan, Puerto Rico, a 7 de marzo de 2016.

Nuevamente nos vemos obligados a ejercer nuestra facultad disciplinaria para suspender indefinidamente a un letrado de la práctica de la abogacía. Aunque todas las faltas éticas que nos llevan a tomar este tipo de decisiones son reprochables, la que hoy nos atañe es una que sin duda, socava la integridad que debe caracterizar a esta profesión. Hoy suspendemos al Lcdo. Kermidt R. Troche Mercado debido a que su obra notarial adolece de una deuda arancelaria ascendente a poco menos de $400,000. Esta deficiencia fue reconocida por el abogado y este mismo admite que no posee argumentos que pueda presentar en su defensa, más

allá de aceptar que falló en los deberes que como notario debió ejercer responsablemente. Por ello, y conforme a lo detallado a continuación, ordenamos la suspensión inmediata e indefinida de este letrado del ejercicio de la abogacía.

I

El licenciado Troche Mercado fue admitido al ejercicio de la abogacía el 22 de julio de 1997 y al de la notaría el 6 de agosto de ese mismo año. El 19 de junio de 2015 lo suspendimos del ejercicio de la notaría por hechos que detallaremos a continuación, los cuales hoy nos motivan a dictaminar que tampoco debe continuar su práctica como abogado. Veamos.

El 29 de agosto de 2014 compareció ante este Tribunal el Director de la Oficina de Inspección de Notarías (ODIN), el Lcdo. Manuel Ávila de Jesús, mediante una "Moción urgente solicitando remedios". En su escrito informó que la obra notarial correspondiente a los años 2004, 2005, 2006, 2007, 2008, y 2009 del licenciado Troche Mercado adolecía de una deuda arancelaria ascendente a la suma de $393,988 y de $693 correspondientes a sellos para la Sociedad de Asistencia Legal. Se detalló que dichas deficiencias le fueron informadas al notario desde el 2010, sin que hubiese subsanado o intentado subsanar las mismas. Ante ello, el 8 de septiembre de 2014 ordenamos la incautación de dicha obra notarial para que fuera inspeccionada por el Director de la ODIN afín de que nos rindiera un informe y sus respectivas recomendaciones disciplinarias. Cabe destacar

que esa Resolución le fue notificada personalmente al licenciado Troche Mercado.

En atención a lo ordenado, el 15 de septiembre de 2014 compareció el Director de la ODIN notificando que persistían las mismas deficiencias que había señalado previamente y recomendó que el licenciado Troche Mercado fuera suspendido indefinidamente del ejercicio de la notaría. Consecuentemente, el 6 de febrero de 2015 emitimos una orden para que este nos mostrara causa por la cual no debíamos aceptar la recomendación del Director de la ODIN y además, referir al Secretario de Justicia el asunto referente a la deficiencia arancelaria. También le apercibimos al abogado que su incomparecencia se interpretaría como que se allanaba a las recomendaciones de la ODIN.

El licenciado Troche Mercado no compareció según le fuera ordenado y en consecuencia, el 19 de junio de 2015 emitimos una Resolución suspendiéndolo inmediata e indefinidamente del ejercicio de la notaría.[1] Además, le ordenamos que en un término de 20 días a partir de la notificación de esa Resolución, mostrara causa por la cual no debíamos suspenderlo inmediata e indefinidamente del ejercicio de la profesión. Además, referimos el asunto de la deuda arancelaria al Departamento de Justicia para la investigación y acción correspondiente.[2] Es menester

---

[1] *In re* Kermidth E. Troche Mercado, 2015 TSPR 95, 193 DPR ___.
[2] Dicha Resolución le fue notificada a la Procuradora General el 7 de agosto de 2015 junto con la copia de un informe suplementario que

señalar que dicho dictamen le fue notificado personalmente al licenciado el 30 de junio de 2015 mediante la Oficina de Alguaciles de este Tribunal.

El licenciado Troche Mercado compareció ante esta Curia el 14 de agosto de 2015 por conducto de su representación legal y presentó un escrito titulado "Contestación". Allí expuso que se sentía "franca y sumamente avergonzado y arrepentido de no haber sido escrupuloso en el manejo de dichos fondos"[3] y que no había emitido respuesta alguna a la recomendación consignada en el Informe del Director de la ODIN porque a su entender "la misma era correcta en derecho y no había ni tenía algo que alegar en su defensa".[4] En esencia, aceptó la deuda arancelaria y su responsabilidad de satisfacer la misma.

## II

Sabemos que todo notario y notaria está obligado a cumplir cabalmente con la Ley Notarial de Puerto Rico[5] y el Reglamento Notarial de Puerto Rico.[6] Los notarios y notarias deben ser en extremo cuidadosos en esto y tienen el deber de desempeñarse con esmero, diligencia y estricto celo profesional.[7] Por lo tanto, el incumplimiento con estas fuentes de obligaciones y deberes los expone a la acción disciplinaria correspondiente.[8] Así también, hemos

---

presentó el 20 de julio de 2015 el Director de la ODIN en el que informa el estado de la obra notarial incautada.
[3] "Contestación", presentada el 14 de agosto de 2015, pág. 2.
[4] Id., pág. 1.
[5] 4 LPRA sec. 2001 *et seq.*
[6] 4 LPRA Ap. XXIV.
[7] *In re* Martínez Sotomayor, 189 DPR 492, 499 (2013).
[8] Id.

enfatizado que desacatar los requerimientos cursados por la ODIN equivale a ignorar las órdenes de este Tribunal.[9] Ya anteriormente hemos mencionado que la inercia de los abogados en atender las comunicaciones relacionadas a investigaciones sobre el ejercicio de la notaría tiene el mismo efecto disruptivo que cuando se desatiende una orden directa de este Tribunal.[10]

Conforme a la Ley Notarial de Puerto Rico todo notario debe cancelar los sellos correspondientes inmediatamente después del acto notarial[11] y en innumerables ocasiones hemos expresado las serias consecuencias del incumplimiento con dicho deber.[12] Más aun, por cuanto el importe de éstos normalmente se le cobra al cliente al momento de otorgar el instrumento público, dicha falta podría inclusive resultar en la configuración del delito de apropiación ilegal.[13] Ante ello, es intolerable y reprochable que un notario adeude sumas por este concepto.

En *In re* Román Jiménez, ejercimos nuestra facultad disciplinaria ante la negativa de un abogado de cumplir con estos deberes y nos expresamos de la siguiente manera:

> Todo notario tiene la ineludible obligación de adherir y cancelar en cada documento o instrumento público que autorice y en las copias certificadas que de ellas expida los correspondientes sellos de aranceles notariales.

---

[9] *In re* Rodríguez Zayas, 2015 TSPR 175, 194 DPR ___.
[10] *In re* Miranda Gutiérrez, 188 DPR 745, 747 (2013).
[11] Véase el Art. 10 de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2021.
[12] *In re* Salas Arana, 170 DPR 202 (2007); *In re* Amundaray Rivera, 163 DPR 251 (2004); *In re* Casiano Silva, 145 DPR 343, 347 (1998); *In re* Cardona Estelritz, 137 DPR 453, 455 (1994).
[13] *In re* Cubero Feliciano, 178 DPR 630 (2010); *In re* Merino Quiñones, 115 DPR 812, 814 (1984).

**Se trata, pues, de un deber ministerial al que deberá darle cumplimiento estricto y que requiere que el arancel sea adherido al momento de su otorgamiento. Ello debido a que en estas copias certificadas que el notario expide, éste da fe de haber adherido y cancelado los referidos aranceles. Por lo tanto, al no hacerlo estaría dando fe de haber realizado un acto que realmente no efectuó, lo que constituye una falta extremadamente grave.**

[…]

Además, incumplir con esta singular obligación expone al notario a que sea objeto de las más severas sanciones disciplinarias y conlleva que pueda ser responsable tanto en el ámbito civil como en el penal, dependiendo de las circunstancias en que ocurra tal violación. (Énfasis nuestro).[14]

III

El licenciado Troche Mercado ha incumplido crasamente con sus deberes como notario y ha mancillado la fe pública notarial al mantener hasta hoy una deuda arancelaria de casi $400,000. Si bien este fue suspendido como notario recientemente, tales faltas también nos motivan a suspenderlo de la práctica de la abogacía y este no mostró causa por la cual debiéramos actuar en contrario. Tal como dictaminamos en In re Miranda Gutierrez,

> "[c]on su actitud y conducta ha impedido las funciones de la [Oficina de Inspección de Notarías] al no corregir las deficiencias de su obra notarial, lo cual incluye la falta grave de ausencia de sellos de rentas internas y notariales. **Tal conducta es reflejo de que el abogado abandonó su responsabilidad como miembro de esta profesión al desplegar una actitud de indiferencia ante su deber como notario**".[15]

---

[14] 161 DPR 727, 731 (2004).
[15] In re Miranda Gutierrez, supra, pág. 748.

En vista de lo anterior, decretamos su suspensión indefinida e inmediata del ejercicio de la abogacía **según se le había apercibido**. Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles los expedientes de casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados e informar de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Por otro lado, tiene la obligación de subsanar las deficiencias señaladas en el Informe rendido por ODIN. Debe acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Kermidt R. Troche Mercado

TS-12,071

SENTENCIA

En San Juan, Puerto Rico, a 7 de marzo de 2016.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, suspendemos indefinidamente de la práctica de la abogacía al Lcdo. Kermidt R. Troche Mercado. En vista de lo anterior, le imponemos el deber de notificar a todos sus clientes su inhabilidad de seguir representándolos, devolverles los expedientes de casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Así también, tiene la obligación de subsanar las deficiencias señaladas en los informes de la Oficina de Inspección de Notarías. Se le ordena acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Notifíquese personalmente.

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretaria del Tribunal Supremo