EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                     | 2016 TSPR 231    |
|                            |                  |
| José L. Amiama Laguardia   | 196 DPR ____     |

Número del Caso: TS-14,965

Fecha: 14 de noviembre de 2016

Oficina de Inspección de Notarías:

     Lcdo. Manuel E. Ávila de Jesús

Materia: Conducta Profesional – La Suspensión será efectiva el 16 de noviembre de 2016, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José L. Amiama Laguardia

Conducta
Profesional

TS-14965

PER CURIAM

En San Juan, Puerto Rico, a 14 de noviembre de 2016.

Una vez más, nos vemos obligados a suspender a un letrado del ejercicio de la abogacía y la notaría por incumplir con nuestras órdenes.

I

El Lcdo. José L. Amiama Laguardia fue admitido al ejercicio de la abogacía el 13 de julio de 2004 y a la práctica de la notaría el 3 de febrero de 2005. El 27 de julio de 2016, el Director de la Oficina de Inspección de Notarias (ODIN), presentó un *Informe sobre incumplimiento en la corrección de deficiencias notificadas*.

Surge de la comparecencia del Director de la ODIN que el 7 de noviembre de 2011, comenzó el proceso de inspección de la obra notarial del licenciado Amiama Laguardia correspondiente a los años 2005-2010. Ese proceso concluyó con el señalamiento de múltiples deficiencias sustantivas y arancelarias en los protocolos correspondientes a 2006, 2007 y 2010. Sin embargo, luego de varios trámites ante la ODIN, el notario Amiama Laguardia solo subsanó las deficiencias en los protocolos de 2006 y 2010. Por consiguiente, aún persisten las deficiencias sustantivas y arancelarias en el protocolo de 2007. Asimismo, debido al transcurso del tiempo, la ODIN inició un proceso paralelo de inspección de los protocolos correspondientes al 2011-2014. Ese otro proceso de inspección también concluyó con el señalamiento de deficiencias arancelarias que el notario tampoco subsanó.

El Director de la ODIN envió varias comunicaciones en las que solicitó al licenciado Amiama Laguardia que subsanara **todas** las deficiencias en su obra. Sin embargo, este no subsanó las deficiencias, ni se expresó en torno a dos informes de deficiencias que le fueron remitidos el 21 de marzo de 2016 y el 23 de junio de 2016, respectivamente. Entonces, el 13 de julio de 2016, el Director de la ODIN le otorgó al letrado un término final e improrrogable para que se expresara en torno al segundo informe de deficiencias. En esa misiva, la ODIN apercibió al licenciado Amiama Laguardia que si al 21 de julio de

2016 no cumplía con lo ordenado, se referiría el asunto a este Tribunal. El término venció y el notario no compareció ante la ODIN.

En fin, el Director de la ODIN refirió este asunto a nuestra consideración y, en particular, explicó que el licenciado Amiama Laguardia no subsanó la obra protocolar correspondiente a 2007. Tampoco corrigió las deficiencias en la obra notarial creada durante 2011-2014. Además, el notario acumuló una deficiencia arancelaria global de **$19,244.**

El 13 de septiembre de 2016, emitimos una Resolución en la que ordenamos al licenciado Amiama Laguardia que dentro de un término de veinte días subsanara las deficiencias señaladas por la ODIN, así como la insuficiencia arancelaria de **$19,244.** Además, le ordenamos al letrado que dentro del mismo término mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía y la notaría por el reiterado incumplimiento con los requerimientos de la ODIN y que expusiera las razones por las cuales no debíamos imponerle una multa de $500 al amparo del Art. 62 de la Ley Notarial, 4 LPRA sec. 2102. Esta Resolución fue enviada a la dirección postal para notificaciones al abogado que surge del Registro Único de Abogados y Abogadas (RUA), la cual también es su dirección física residencial. Sin embargo, fue devuelta por el servicio postal ("Attempted – Not Known"). Posteriormente, el 6 de octubre de 2016, se le notificó personalmente la

referida Resolución por conducto de la Oficina del Alguacil de este Tribunal a esa **misma** dirección.

El 7 de octubre de 2016, el Director de la ODIN nos informó que el licenciado Amiama Laguardia no cumplió con nuestra orden de subsanación. Al día de hoy, el letrado no ha comparecido ante nosotros.

II

El Canon 9 de Ética Profesional, 4 LPRA Ap. IX, C.9, dispone, en lo pertinente, que: "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". Hemos resuelto en innumerables ocasiones que asumir una actitud de **menosprecio** e **indiferencia** ante nuestras órdenes, las de nuestros funcionarios y organismos denota una falta de respeto hacia nuestra autoridad y constituye una violación al Canon 9. Véase In re Colón Collazo, Op. de 15 de agosto de 2016, 2016 TSPR 184, pág. 5, 196 DPR ___ (2016); véase, además, In re Rodríguez Zayas, 194 DPR 337, 341-42 (2015). Por esa razón, "[s]i luego de proveerle un término al abogado para que muestre causa por la cual no debe ser suspendido de la profesión, éste incumple con nuestro mandato, procede que el abogado sea sancionado con la suspensión indefinida del ejercicio de la abogacía y la notaría". In re Piñeiro Vega, 188 DPR 77, 90 (2013). En otras palabras, aquel abogado que ignora, rechaza o menosprecia nuestros requerimientos consiente a que lo separemos de la profesión legal.

En torno a la función notarial, hemos expresado que todo notario tiene el deber de subsanar con premura toda falta señalada por la ODIN. "Ningún notario puede asumir una actitud pasiva y descansar en que la ODIN lo contacte para verificar si se corrigen adecuadamente los señalamientos que dicha oficina efectúe, máxime cuando la imagen de la profesión y la suya propia está en tela de juicio". In re Román Jiménez, 161 DPR 727, 733 (2004). Por esa razón, tratar con ligereza o laxitud los señalamientos de la ODIN también configura una violación del Canon 9, supra. In re Lebrón Arroyo, 194 DPR 932, 934-35 (2016).

### III

En este caso, le ordenamos al licenciado Amiama Laguardia que subsanara las deficiencias de la ODIN y que mostrara causa por la cual no debíamos suspenderlo de la profesión legal, así como por qué no debíamos imponerle una sanción económica de $500 al amparo de la Ley Notarial, supra. No obstante, a pesar de habérselo notificado en dos ocasiones, una de ellas personalmente, ignoró nuestras órdenes.

Evidentemente, el licenciado Amiama Laguardia no desea continuar en el ejercicio de la abogacía y la notaría. La indiferencia que mostró ante nuestros requerimientos es prueba de ello. Le dimos la oportunidad de corregir las deficiencias en su obra y conservar su licencia profesional, pero el letrado no la aprovechó. Ahora, el licenciado Amiama Laguardia deberá subsanar **todas** las

deficiencias que le señaló la ODIN desde el desaforo y con su propio peculio.

IV

Por los fundamentos expuestos, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría al licenciado Amiama Laguardia. Asimismo, se le impone una sanción económica de $500 a ser satisfecha en sellos de rentas internas en la Secretaría de este Tribunal dentro del término improrrogable de veinte días. Por último, se le ordena al señor Amiama Laguardia que, dentro de un término improrrogable de treinta días, subsane con su propio peculio **todas** las deficiencias en su obra protocolar, incluida la deuda arancelaria. Se le apercibe que incumplir con lo aquí ordenado podría dar lugar a la iniciación de un procedimiento de desacato en el Tribunal de Primera Instancia. Al momento de presentar una solicitud de reinstalación, el señor Amiama Laguardia deberá incluir una certificación de la ODIN que demuestre que su obra notarial se encuentra libre de deficiencias.

Se impone al señor Amiama Laguardia el deber de notificar a sus clientes de su inhabilidad para seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de

treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Asimismo, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Amiama Laguardia y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor Amiama Laguardia a través de la Oficina del Alguacil de este Tribunal. Además, notifíquese copia de esta Opinión *Per Curiam* y Sentencia al Secretario de Justicia para que tome la acción que estime pertinente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José L. Amiama Laguardia

Conducta
Profesional
TS-14965

SENTENCIA

En San Juan, Puerto Rico, a 14 de noviembre de 2016.

Por los fundamentos antes expuestos, en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría al licenciado Amiama Laguardia. Asimismo, se le impone una sanción económica de $500 a ser satisfecha en sellos de rentas internas en la Secretaría de este Tribunal dentro del término improrrogable de veinte días. Por último, se le ordena al señor Amiama Laguardia que, dentro de un término improrrogable de treinta días, subsane con su propio peculio **todas** las deficiencias en su obra protocolar, incluida la deuda arancelaria. Se le apercibe que incumplir con lo aquí ordenado podría dar lugar a la iniciación de un procedimiento de desacato en el Tribunal de Primera Instancia. Al momento de presentar una solicitud de reinstalación, el señor Amiama Laguardia deberá incluir una certificación de la ODIN que demuestre que su obra notarial se encuentra libre de deficiencias.

Se impone al señor Amiama Laguardia el deber de notificar a sus clientes de su inhabilidad para seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Asimismo, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Amiama Laguardia y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor Amiama Laguardia a través de la Oficina del Alguacil de este Tribunal. Además, notifíquese copia de esta Opinión *Per Curiam* y Sentencia al Secretario de Justicia para que tome la acción que estime pertinente.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo