EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Javier Abendaño Ezquerro | 2017 TSPR 140 198 DPR ____ |
|---|---|

Número del Caso: TS-13,415

Fecha:    26 de julio de 2017

Abogado del promovido:

       Por derecho propio

Oficina de Inspección de Notarías

       Lcdo. Manuel Ávila De Jesús
       Director

Materia: La suspensión será efectiva el 2 de agosto de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | |
| | TS-13,415 |
| Lcdo. Javier Abendaño Ezquerro | |

*PER CURIAM*

En San Juan, Puerto Rico, a 26 de julio de 2017.

I

El Lcdo. Javier Abendaño Ezquerro (licenciado Abendaño Ezquerro) fue admitido al ejercicio de la abogacía el 30 de enero de 2001 y prestó juramento como notario el 12 de febrero de 2002.

El 10 de mayo de 2017, el Lcdo. Manuel E. Ávila De Jesús, Director de la Oficina de Inspección de Notarías (ODIN), nos solicitó la incautación cautelar de la obra notarial del licenciado Abendaño Ezquerro. Esto pues, durante el proceso de inspección inicial de la obra protocolar del notario, los protocolos formados para los años naturales 2004 al 2011, inclusive, no pudieron ser aprobados toda vez que existe una deuda arancelaria por la cantidad de **ciento ochenta mil novecientos veintiséis dólares con cincuenta centavos ($180,926.50)**. Además, manifestó que la deficiencia arancelaria pudiera aumentar,

toda vez que la obra protocolar autorizada por el notario para los años 2012 al 2016, inclusive, así como sus tomos del Libro de Registro de Testimonios (Asientos Número 1 al Número 4,053), no habían podido ser examinados.[1]

La ODIN nos informó que el *Informe Estado de la Notaría Lcdo. Javier Abendaño Ezquerro, Notario Número 13,415* de 31 de marzo de 2017, rendido al amparo de la Regla 77k del Reglamento Notarial, le fue comunicado al notario tanto vía correo electrónico como mediante correo regular a la dirección de notificaciones oficiales del notario que obra en el Registro Único de Abogados y Abogadas (RUA). En este se le informó al notario que la deficiencia arancelaria impedía la aprobación de su obra protocolar para los años naturales 2004-2011. Asimismo, se le requirió expresarse sobre la comunicación remitida dentro del término de quince (15) días calendario a partir del recibo del documento y de la obligación de cancelar la deficiencia arancelaria notificada. De igual forma, se le apercibió de la importancia de atender los requerimientos cursados por la ODIN y que de incumplirlos, la ODIN consideraría presentar el Informe ante este Tribunal para el trámite correspondiente. No obstante, el término

---

[1] Específicamente, el licenciado Abendaño Ezquerro autorizó la obra siguiente que no ha podido ser inspeccionada:

   a. Año 2012- 232 Instrumentos Públicos (9 tomos)
   b. Año 2013- 177 Instrumentos Públicos (8 tomos)
   c. Año 2014- 99 Instrumentos Públicos (4 tomos)
   d. Año 2015- 36 Instrumentos Públicos (2 tomos)
   e. Año 2016- 26 Instrumentos Públicos (1 tomo)
   f. Año 2017- 5 Instrumentos Públicos hasta el mes de marzo de 2017.
   g.

transcurrió y el notario no reaccionó a la comunicación de la ODIN.

Así las cosas, el 25 de abril de 2017 la ODIN le envió una segunda misiva expresando los pormenores de la comunicación inicial y otorgándole un nuevo término final e improrrogable para acreditar la subsanación de las deficiencias notificadas. Sin embargo, el licenciado Abendaño Ezquerro incumplió con los requerimientos de la ODIN.

En vista de lo anterior, mediante Resolución de 25 de mayo de 2017 autorizamos la incautación preventiva de la obra protocolar autorizada por el licenciado Abendaño Ezquerro desde el año 2002 hasta el presente, así como su sello notarial. Asimismo, le concedimos al licenciado Abendaño Ezquerro un término de veinte (20) días para que subsanara las deficiencias de su obra notarial, incluyendo la deficiencia arancelaria y mostrara causa por la cual no debía ser suspendido de manera inmediata e indefinida del ejercicio de la notaría. De igual forma, le apercibimos que de no cumplir con lo requerido, se le suspendería indefinidamente del ejercicio de la abogacía y la notaría y se referiría la deuda al Departamento de Justicia para la acción correspondiente. La Resolución fue notificada personalmente y la obra protocolar fue incautada el 2 de junio de 2017. No obstante, transcurrido el término concedido, el licenciado Abendaño Ezquerro no ha comparecido ante nos.

Examinemos entonces las disposiciones éticas aplicables.

II

Reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. *In re Bello Rivera*, 192 DPR 812 (2015)*; In re De Jesús Román,* 192 DPR 799 (2015)*.* Así, el Canon 9, *supra,* dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. Asimismo, la naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal. *In re Bello Rivera,* supra*; In re Pacheco Pacheco,* 192 DPR 553 (2015).

Por ello, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. Por los mismos fundamentos, el incumplimiento con los requerimientos de entidades a las cuales le hemos delegado alguna función en las tareas de regular el ejercicio de la profesión, entre ellas, la ODIN, la Oficina del Procurador General, y el Programa de Educación Jurídica Continua, conlleva idéntica sanción. *In re Ezratty Samo et al.,* 194 DPR Ap. (2016); *In re*

*Pacheco Pacheco*, 192 DPR 553 (2015); *In re Sosa Suarez*, 191 DPR 261 (2014).

Particularmente con relación a la notaría, un notario no puede asumir una actitud pasiva ante los señalamientos de la ODIN en torno a las deficiencias de su obra notarial. Esto pues, la práctica de la notaría requiere el mayor celo en el cumplimiento de los deberes que le impone la ley y el ordenamiento ético. Por lo tanto, tratar con laxitud los señalamientos de la ODIN también configura una violación al Canon 9, supra. *In re Candelario Lajara II*, 2017 TSPR 48, 197 DPR __ (2017); *In re Amiama Laguardia*, 2016 TSPR 231, 196 DPR __ (2016); *In re Lebrón Arroyo*, 194 DPR 932 (2016).

Los notarios están obligados al estricto cumplimiento del ordenamiento notarial. Como hemos expresado repetidamente, el incumplimiento del notario con las obligaciones y deberes que le impone su función notarial conlleva ineludiblemente la acción disciplinaria correspondiente no solo en la función de éste como notario, sino también como abogado. *In re Capestany Rodríguez*, 148 DPR 728, 733 (1999). Esto pues, lesiona la confianza y la función pública que le fueron confiadas. *Id.; In re Salas González*, 193 DPR 387 (2015).

Entre los deberes que le son impuestos a los notarios, está el deber de adherir y cancelar los sellos arancelarios correspondientes al momento de autorizar los documentos públicos que otorga. 4 LPRA sec. 2021. Véase, *In re Troche Mercado*, 194 DPR 747, 752 (2016). Así pues, el

incumplimiento con ese deber expone a la anulabilidad e ineficacia jurídica de estos documentos en perjuicio de los otorgantes o de terceros, defrauda el erario y podría resultar en la configuración del delito de apropiación ilegal. *In re Capestany Rodríguez*, supra, págs. 734-735; *In re Troche Mercado,* supra.

### III

La obra notarial del licenciado Abendaño Ezquerro sufre de serias deficiencias notariales, especialmente de una deuda arancelaria preliminar ascendente a **ciento ochenta mil novecientos veintiséis dólares con cincuenta centavos** (**$180,926.50**).

A su vez, el licenciado Abendaño Ezquerro no ha comparecido ante la ODIN ni ante este Tribunal. Este comportamiento es intolerable no solo ante el agravio a nuestra autoridad sino también ante el efecto que pueda tener para los otorgantes y terceros por todos los documentos expuestos a la anulabilidad e ineficacia jurídica por el incumplimiento del licenciado Abendaño Ezquerro en adherir y cancelar los sellos correspondientes.

### IV

Por los fundamentos expuestos, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y de la notaría al Lcdo. Javier Abendaño Ezquerro.

En consecuencia, se le impone al señor Abendaño Ezquerro el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y

devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se le apercibe al señor Abendaño Ezquerro que la presente acción disciplinaria no le exime de tener que subsanar, a sus expensas, las deficiencias señaladas por la ODIN en su obra notarial. Esa obligación subsiste y su desatención le expone al correspondiente procedimiento de desacato. Por lo tanto, le concedemos al señor Abendaño Ezquerro un término de sesenta días para subsanar las deficiencias arancelarias de su obra notarial y contratar, a su costo, a un notario para corregir las deficiencias señaladas.

Se refiere este asunto al Departamento de Justicia para la acción correspondiente.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  | | |
|---|---|---|
| In re:<br><br>Lcdo. Javier Abendaño Ezquerro | TS-13,415 | |

SENTENCIA

En San Juan, Puerto Rico, a 26 de julio de 2017.

Por los fundamentos expuestos, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y de la notaría al Lcdo. Javier Abendaño Ezquerro.

En consecuencia, se le impone al señor Abendaño Ezquerro el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se le apercibe al señor Abendaño Ezquerro que la presente acción disciplinaria no le exime de tener que subsanar, a sus expensas, las deficiencias señaladas por la ODIN en su obra notarial. Esa obligación subsiste y su desatención le expone al correspondiente procedimiento de desacato. Por lo tanto, le concedemos al señor Abendaño Ezquerro un término de sesenta días para subsanar las deficiencias arancelarias de su obra notarial y contratar, a su costo, a un notario para corregir las deficiencias señaladas.

Se refiere este asunto al Departamento de Justicia para la acción correspondiente.

Lo acordó y manda el Tribunal y lo certifica el Secretario del Tribunal Supremo.


                              Juan Ernesto Dávila Rivera
                              Secretario del Tribunal Supremo