EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2019 TSPR 221 |
| | |
| Enrique R. Padial Santiago | 203 DPR _____ |

Número del Caso:  TS-15,641


Fecha:  26 de septiembre de 2019


Abogado del Lcdo. Enrique R. Padial Santiago:

        Lcdo. Juan Carlos Deliz Morales


Materia:  La suspensión será efectiva el 25 de noviembre de 2019, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re* | |
| Enrique R. Padial Santiago | **Núm.** TS-15,641 |

*PER CURIAM*

En San Juan, Puerto Rico, a 26 de septiembre de 2019.

En esta ocasión, nos corresponde suspender inmediata e indefinidamente a un miembro de la profesión legal de la práctica de la abogacía por su incumplimiento con los requerimientos de este Tribunal, y por no haber actualizado su información en el Registro Único de Abogados (RUA).

**I.**

El Lcdo. Enrique R. Padial Santiago fue admitido al ejercicio de la abogacía el 31 de enero de 2006. El 12 de mayo de 2017, el Director Ejecutivo del Programa de Educación Jurídica Continua (PEJC), acudió ante este Tribunal mediante un *Informe sobre incumplimiento con requisito de educación jurídica continua* (Informe). En éste nos informó que el licenciado Padial Santiago no cumplió con los requisitos reglamentarios de educación jurídica continua del periodo de 1 de agosto de 2009 al 31 de julio de 2011, que no satisfizo el pago de la deuda de $150.00 por cumplimiento tardío para ese periodo y que no compareció ante el PEJC cuando se le requirió. Examinado el *Informe*, el 31 de mayo de 2017, emitimos una *Resolución* mediante la cual le concedimos al

licenciado Padial Santiago un término de veinte (20) días para que compareciera y mostrara causa por la cual no debíamos suspenderlo del ejercicio de la abogacía. En cumplimiento con lo anterior, el 27 de junio de 2017 el licenciado compareció ante este Tribunal, por conducto de su representación legal solicitando un término razonable para cumplir con los requerimientos del PEJC.

En atención a lo anterior, el 2 de agosto de 2017 emitimos una *Resolución* mediante la cual le concedimos un término de sesenta (60) días para cumplir con todos los requerimientos del PEJC y presentar la certificación de cumplimiento emitida por el Programa. El 21 de marzo de 2018, en vista de que el licenciado no contestó nuestro requerimiento, emitimos una *Resolución* mediante la cual le concedimos un término final de veinte (20) días para cumplir con la orden previa del 2 de agosto de 2017 y ordenamos que se notificase personalmente. Transcurrido dicho término, el licenciado Padial Santiago no ha comparecido a mostrar causa por la cual no deba ser suspendido de la abogacía por su reiterado incumplimiento con nuestras órdenes.

Así las cosas, el 9 de abril de 2018 el Secretario del Tribunal, nos informó que aguaciles intentaron notificar personalmente la previa *Resolución* visitando la oficina y residencia del licenciado Padial Santiago. Específicamente, en la comunicación se nos informó que, al aguacil acudir a una de las direcciones que constaba en el RUA, se le había informado que el abogado de epígrafe se había mudado a

Estados Unidos y, presuntamente, había fallecido. El licenciado Padial Santiago, sin embargo, figura como el agente residente de una compañía de responsabilidad limitada que se encuentra activa en el Departamento de Estado. Además, el letrado mantiene una cuenta activa en la red social de *Facebook* en la que justamente promociona dicha compañía. A todas luces, pues, todo parece indicar que el licenciado Padial Santiago no ha fallecido y su incumplimiento con nuestras órdenes y resoluciones es atribuible a la inobservancia de su deber de actualizar su información en el RUA. Como resultado de no haber actualizado su información en el RUA, el 13 de julio de 2018 emitimos una *Resolución*, notificada a la representación legal del licenciado Padial Santiago, mediante la cual le concedimos a éste un término de veinte (20) días para que mostrara causa por la cual no debíamos suspenderlo inmediata e indefinidamente de la profesión de la abogacía por incumplir con su deber de actualizar sus datos en RUA y por su incumplimiento con las órdenes de este Tribunal. Vencido el término, el licenciado Padial Santiago no ha comparecido ante este Tribunal.

## II.

En innumerables ocasiones hemos expresado que el ejercicio de la profesión jurídica requiere que todo abogado observe rigurosamente los requerimientos de este Tribunal. *In re Aguilar Gerardino*, 2019 TSPR 101, 202 DPR ___ (2019); *In re Padilla García*, 2018 TSPR 71, 199 DPR 1030 (2018).

Este mandato ético se encuentra establecido en el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. En ese sentido, los abogados tienen un deber ineludible de respetar, acatar y responder diligentemente nuestras órdenes y los requerimientos del ente mencionado. *In re Abreu Figueroa, 198 DPR 532 (2017); In re Santaliz Martell,* 194 DPR 911, 914 (2016). Desatenderlas constituye una afrenta a la autoridad de los tribunales e infringe el precitado Canon 9 del Código de Ética Profesional, *supra. In re Dávila Toro,* 193 DPR 159, 163 (2015). Por consiguiente, el incumplimiento con los requerimientos del Tribunal constituye un serio agravio a la autoridad de los tribunales y es suficiente para decretar su separación indefinida de la profesión. *In re Abreu Figueroa, supra; In re Abadía Muñoz et al.,* 197 DPR 1044 (2017). Según hemos sostenido en innumerables ocasiones y esta ocasión no será la excepción: "este Tribunal no ha de tomar livianamente el que un abogado asuma una actitud de indiferencia y menosprecio hacia nuestra autoridad". *In re Soto Rivera,* 198 DPR 421, 426 (2017).

Asimismo, hemos enfatizado que la naturaleza pública de la profesión de la abogacía impone al abogado el deber de responder oportunamente a todo requerimiento relacionado con las investigaciones disciplinarias. *In re López Méndez,* 196 DPR 956 (2016); *In re Bryan Picó,* 192 DPR 246 (2015). Los miembros de la profesión legal tienen la obligación de mantener actualizados sus datos, incluyendo su dirección de

correo electrónico, y realizar cualquier cambio en la información que consta en el RUA. Véase, Regla 9(j) de nuestro Reglamento, 4 LPRA AP. XXI-B. Sobre el particular, hemos señalado que el fiel cumplimiento de la mencionada obligación reglamentaria garantiza el ejercicio eficaz de nuestro deber de velar porque los miembros de la clase togada cumplan con sus deberes ético-profesionales; es decir, que atiendan con prontitud y diligencia las comunicaciones que se le remitan. *In re Pratts Barbarossa,* 199 DPR 594 (2018); *In re López Méndez,* 196 DPR 956, 962 (2016); *In re Marichal Morales,* 195 DPR 678 (2016). Cuando un abogado incumple con su deber de mantener al día sus datos personales en el RUA, obstaculiza el ejercicio de nuestra jurisdicción disciplinaria. *In re Arroyo Rosado,* 191 DPR 242 (2014); *In re Rivera Trani, supra.*

Por otro lado, la obligación de notificar cualquier cambio de dirección surge de la Regla 9(j) de nuestro Reglamento, 4 LPRA Ap. XXI-B. Esta regla impone a todo abogado la obligación de notificar cualquier cambio en su dirección postal o física. *In re Toro Soto*, 181 DPR 654, 660 (2011). Por lo anterior, el incumplimiento con lo ordenado podría conllevar la imposición de sanciones en su contra, incluso sanciones disciplinarias. *In re Pratts Barbarossa, supra.*

**III.**

En este caso, a pesar del sinnúmero de oportunidades provistas para comparecer y cumplir con lo ordenado, el licenciado Padial Santiago hizo caso omiso de nuestros pronunciamientos y apercibimientos y optó por desatender su deber de respetar la autoridad de este Tribunal. La mera incomparecencia ante este Tribunal, luego de que se le requiriera comparecer en múltiples instancias so pena de medidas disciplinarias severas es, de por sí, razón suficiente para separar al licenciado Padial Santiago de la profesión legal. Conviene recordar que, en el pasado, hemos dictaminado que la dejadez e indiferencia a nuestros apercibimientos sobre sanciones disciplinarias constituye causa suficiente para la suspensión inmediata de la abogacía. *In re Vélez Rivera*, 199 DPR 587, 591 (2018). Sin lugar a duda, la conducta del licenciado Padial Santiago constituye una violación al Canon 9 del Código de Ética Profesional. Resulta forzoso, pues, decretar su suspensión inmediata e indefinida de la práctica de la abogacía.

**IV.**

Por los fundamentos que anteceden, se ordena la suspensión inmediata e indefinida del Lcdo. Enrique R. Padial Santiago de la práctica de la abogacía. En caso de que el señor Padial Santiago esté representando a clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no

realizados e informar oportunamente de su suspensión a cualquier foro judicial y administrativo en el que tenga un caso pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días, contado a partir de la notificación de la presente opinión.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re*<br><br>Enrique R. Padial Santiago | **Núm.** TS-15,641 |

SENTENCIA

En San Juan, Puerto Rico, a 26 de septiembre de 2019.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida del Lcdo. Enrique R. Padial Santiago de la práctica de la abogacía. En caso de que el señor Padial Santiago esté representando a clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar oportunamente de su suspensión a cualquier foro judicial y administrativo en el que tenga un caso pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días, contado a partir de la notificación de la presente opinión.

Notifíquese personalmente al señor Padial Santiago esta Opinión *Per Curiam* y Sentencia.

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo